# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                Plaintiff,<br><br>v.<br><br>GAYLENE FUKAGAWA, *et al.*,<br><br>                Defendants. | Case No. 3:23-CV-00254-RCJ-CLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO IDENTIFY UNSERVED DEFENDANTS**<br><br>[ECF No. 13] |

On March 28, 2024, Plaintiff James Edward Scott filed a motion to identify unserved defendants. (ECF No. 13.) Plaintiff states that the Office of the Attorney General ("OAG") did not file notice as to which Defendants it can or cannot accept service on behalf of and asks that the Court compel the OAG to do so. (*Id.*)

Despite Plaintiff's representation, the OAG <u>did</u> comply with the Court's order, (ECF No. 9), regarding service. On March 25, 2024, the Office of the Attorney General ("OAG") filed its notice of acceptance of service on behalf of Defendants Gaylene Fukagawa, Cynthia Purkey, Vanessa Timbreza, and Kellen Prost. (ECF No. 10.) The notice stated it could not accept service on behalf of Defendant Crystal Waters but filed her last known address under seal. (*Id.;* ECF Nos. 11, 12.) Further, the notice stated that the OAG could not identify Defendants "Sharon," "Meghan," "Kathy," or "Mallory," and thus could not accept service on their behalf at this time. (ECF No. 10.)

First, to the extent the motion requests issuance of summons as to Defendant Waters, whose address was provided under seal, the motion is granted. To the extent Plaintiff's motion is asking that the Court order the OAG to take additional steps to identify the unserved defendant, the motion is denied. The OAG has represented to the Court that it has already undertaken a reasonable inquiry in an attempt to identify the defendants but was unable to do so. (*See id.*) In this Court's order regarding service, (ECF No. 9), the Court instructed Plaintiff that if service cannot be accepted for any of the named defendants, <u>Plaintiff</u> must file a motion identifying the unserved defendants, including

specifying a full name and address for the defendants. (*Id.* at 2.) Thus, to the extent Plaintiff requests that <u>Defendants</u> identify these defendants, this is an improper request. If Plaintiff can identify these defendants during the course of discovery, he may file a motion for service with a full name of these defendants. Plaintiff is reminded that he must perfect service by June 2, 2024, pursuant to Fed. R. Civ. P. 4(m).

**IT IS ORDERED** that Plaintiff's motion to identify unserved defendants, (ECF No. 13), is **GRANTED in part and DENIED in part,** as detailed herein.

**IT IS FURTHER ORDERED** the Clerk shall **ISSUE** a summons for Defendant **Crystal Waters** and send the same to the U.S. Marshal with the address provided under seal. (ECF No. 11.) The Clerk shall also **SEND** sufficient copies of the complaint, (ECF No. 5), the screening order, (ECF No. 4), and this order to the U.S. Marshal for service on the Defendant. The Court will separately provide to the U.S. Marshal a completed USM-285 form for the Defendant.

**IT IS SO ORDERED.**

**DATED**: April 2, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**