UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>GAYLENE FUKAGAWA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00254-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

State prisoner James Scott filed a motion under "NRCP 60(b)(1)" for "global reconsideration of all screening orders" in 34 of his lawsuits, arguing the Court mistakenly failed to recognize that Article 1, § 6 of the Nevada Constitution provides greater protections and imposes lesser burdens than the Eighth Amendment to the U.S. Constitution. (ECF No. 37.)

**II.　DISCUSSION**

"The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." LR 59-1(a). "A party seeking reconsideration under [LR 59-1] must state with particularity the points of law or fact that the court has overlooked or misunderstood." *Id.* "Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." *Id.* "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error in the initial decision or was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* But "[m]otions for reconsideration are disfavored" and "must be brought within a reasonable time." *Id.* at (b); (c).

The motion is denied because Scott does not identify the part of the record in this

action that he moves the Court to reconsider, and he provides no legal authority supporting his argument or showing that his motion was filed within a reasonable time after entry of the subject order. *See, e.g.*, LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."); General Order No. 2021-05 at 5, § 3(g) (same). Scott is cautioned that filing a "global" motion that generically seeks relief in dozens of lawsuits is an abusive litigation practice that strains the Court's limited resources and will not be tolerated.

Finally, to the extent Scott contends that Article 1, § 6 of the Nevada Constitution affords him more protections and imposes lesser burdens on him than the Eighth Amendment to the U.S. Constitution, "the Nevada Supreme Court has noted the similarity between the federal and state constitutions, and frequently looks to federal precedent to guide their analysis." *Meeks v. Nev. Dep't of Corr.*, Case No. 3:18-cv-00431-MMD-WGC, 2020 WL 8084979, at *19 (D. Nev. Nov. 10, 2020) (collecting cases); *accord Naovarath v. State*, 779 P.2d 944, 949 n.6 (Nev. 1989) (holding that sentence of life without the possibility of parole for a mentally and emotionally disabled thirteen-year-old child violated state and federal constitutions because both "proscribe cruel and unusual punishment"). And federal courts apply the same legal standards to claims under the cruel and unusual punishment provision of the Eighth Amendment to the U.S. Constitution as they do to claims under the cruel or unusual punishment provision of Article 1, § 6 of the Nevada Constitution. *See Cardenas-Ornelas v. Wickham*, Case No. 2:21-cv-00030-ART-VCF, 2024 WL 4368152, at *5 (D. Nev. Sept. 30, 2024) (collecting cases).

### III. CONCLUSION

It is therefore ordered that the motion for reconsideration of all screening orders (ECF No. 37) is denied.

If Scott wishes to seek reconsideration of an order entered in this action, then he must file a unique, fully supported motion identifying the specific part of the record that he seeks to reconsider, stating with particularity the points of law or fact that he believes entitle him to relief, and showing that he filed the motion within a reasonable time.

The Clerk of the Court is directed to send Scott a courtesy copy of this order by directing it to Northern Nevada Correctional Center's law library.[1]

DATED THIS 21st Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Scott filed a change-of-address notice stating that he resides in Florida, but NNCC is the address he listed on the reconsideration motion. (ECF No. 36,)