UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>GAYLENE FUKAGAWA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00254-MMD-CLB<br><br>ORDER |

Plaintiff James Edward Scott, III ("Scott") is proceeding on two 42 U.S.C. § 1983 claims: (1) First Amendment retaliation; and (2) Eighth Amendment deliberate indifference to serious medical needs. (ECF Nos. 4, 5.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 51), recommending the Court grant Defendants' motion for summary judgment on Plaintiff's § 1983 claims (ECF Nos. 43 ("Motion"), 45, 47.)[1] To date, no objections to the R&R have been filed. Because there is no objection, and as further explained below, the Court will adopt the R&R and grant Defendants' Motion.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin recommends the Court grant Defendants' Motion in part because Plaintiff does not oppose it, and, as to the First Amendment retaliation claim, because Scott failed to properly exhaust his administrative remedies. (ECF No. 51 at 9-10.) Judge Baldwin recommends the Court

---

[1]ECF No. 45 includes Scott's medical records and kites filed under seal. ECF No. 47 is an erratum to the Motion, which contains an authenticating declaration.

grant Defendants' Motion as to the Eighth Amendment deliberate indifference claim because Defendants have met their initial summary judgment burden by showing there is no genuine issue of material fact regarding the prison officials' treatment of infections. (ECF No. 51 at 10-15.) Additionally, Scott provided no evidence that any denial or delay in treatment caused him any harm, or that Defendants were aware of a serious risk to his health and deliberately disregarded it. (*Id.*) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 51) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 43) is granted.

The Clerk of Court is directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 4th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE